IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

                   v.                                 92-cr-129-wmc-1

Kurt M. Epps,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Kurt M. Epps' supervised release was held on September 19, 2012, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Timothy M. O' Shea. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Senior U. S. Probation Officer Michael P. Bell.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on August 12, 1993, following his conviction for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 57 months, with a three-year term of supervised release to follow.

Because of multiple, intervening state convictions, the defendant did not begin his term of federal supervised release until December 22, 2009.

Defendant violated Special Condition No. 1 requiring him to abstain from the excessive use of alcohol and illegal drug use and participate in a program of drug and alcohol counseling and urine surveillance, when on October 5, 2011, he ingested cocaine and provided an adulterated urine specimen containing Mountain Dew and Adderall shavings. Defendant further violated Special Condition No. 1 on December 22, 2011, when he possessed synthetic marijuana.

Defendant violated Standard Condition No. 1 requiring him to abstain from committing another federal, state, or local crime when on December 19, 2011, he provided a minor (AP, DOB 08/05/96) with vodka in violation of Wis. Stat. § 125.07.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly the three-year term of supervised release imposed on August 12, 1993, will be revoked.

Defendant's criminal history category is V. With a Grade B violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment of 18 to 24 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the Court has selected a sentence below the guideline range but consecutive to the terms of state imprisonment he is currently serving. The purpose of this sentence is to impart upon defendant the seriousness of his actions, hold him accountable for his behavior, deter him from committing future similar behavior in the future, and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 12, 1993, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months concurrent with the 12-month revocation sentence imposed in Monroe County, Wisconsin, Circuit Court (Case No. 1992CF96), and the 6-month revocation sentence imposed in Monroe County, Wisconsin, Circuit Court (Case No. 1992CF52). Consistent with its concurrent nature, the defendant may serve up to 12 months of his sentence in state custody. A 12-month term of supervised release shall follow with the addition of the following conditions:

Special Condition No. 4: "Not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services; "

Special Condition No. 5: "Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior

3

approval of the supervising U.S. probation officer;"

Special Condition No. 6: "Provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information and that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination; "

Special Condition No. 7: "Abstain from the use of alcohol and not enter any establishment whose primary purpose is the sale of alcoholic beverages."

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 19th day of September 2012.

BY THE COURT:

/s/ *William Conley*
_____
Honorable William M. Conley
U.S. District Judge